Lizzie Haley instituted this suit by filing the following petition:
"I. That there was acquired by her father, Asa Haley, living in community with her mother, Rena Haley, on the 3rd day of July, 1890, forty acres of land in Richland Parish, Louisiana, described as follows:
"E 1/2 of E 1/2 of SW 1/4 of Section 5, Township 17 North, Range 7 East, as per partition deed filed July 3rd, 1890, in Notarial Book L, page 326 et seq. of the records of Richland Parish;
"all as will more fully be shown by said deed made a part hereof by reference for certainty of allegation and all other lawful purposes.
"II. Petitioner avers that her father, Asa Haley, departed this life intestate in Richland Parish, Louisiana, sometime prior to 1900, and that her mother, Rena Haley, departed this life intestate in Richland Parish, Louisiana, about the year 1920. *Page 80 
"III. Petitioner avers that at the time of her father's death no mortuary proceedings of any kind or character was had with reference to his estate, and especially with reference to the above described property, of which he died possessed; that at the time of his death he left neither father nor mother, sister nor brother or collateral heirs.
"IV. Petitioner avers that at the time of her mother's death she left neither father nor mother, brother or sister, nor collateral heirs, and that no mortuary proceedings of any kind were had with reference to her estate.
"V. Petitioner avers that the said Asa Haley was married but one time and then to petitioner's mother, Rena Haley, and that of this union the following named children were born: Ottie Missie Haley, Lizzie Haley, Fannie Haley and nine other children who died prior to the death of their mother, without issue.
"VI. Petitioner avers that Rena Haley, her mother, was reported to have married one Bruce Walker prior to her marriage with your petitioner's father, Asa Haley, and that of the said marriage of Rena Haley to Bruce Walker one child was born, named Howard Walker.
"VII. Petitioner avers that the said Howard Walker was reputed to have married one Sallie Rhodes and that of this union one child was born, named Robert Walker.
"VIII. Petitioner avers that her sister, Ottie Missie Haley, who departed this life about the year 1902, intestate, was reputed to have married one Fonza Harris, of which union there were born two children, named Henry Harris and Janie Harris Marshall Hyland.
"IX. Petitioner avers that her sister, Fannie Haley, who departed this life about the year 1908, intestate, was reputed to have married one Willie Safford, of which union one son was born, named Willie Safford, Jr.
"X. Petitioner avers that subsequent to the death of her sistern, Ottie Missie Harris and Fannie Haley Safford, no mortuary proceedings were had with reference to their estate, and especially with reference to their claimed ownership in the above described property.
"XI. Petitioner avers that at the present time the purported sole and only heirs at law of her father, Asa Haley, and her mother, Rena Haley, and of her brothers and sisters are as follows:
"Your petitioner, Lizzie Haley, Henry Harris, a resident of Richland Parish, Louisiana; Janie Harris Marshall Hyland, a resident of Richland Parish, Louisiana, and Willie Safford, a resident of Glenn Allen, Mississippi.
"XII. Petitioner avers that the said Willie Safford, by deed dated October 25, 1921, sold all of his right, title and interest in and to the above described property to one Vandy Harris, formerly a resident of Richland Parish, Louisiana, but who departed this life intestate on the ____ day of February, 1941, as said purchase will appear from deed duly recorded in Notarial Book 38, page 591 of the Records of Richland Parish, Louisiana, said deed being made a part hereof by reference for certainty of allegation and all other lawful purposes.
"XIII. Petitioner avers that Robert Walker, prior to his death, sold all of his right, title and interest in the above described property to the said Vandy Harris, who was then living in community with his wife, Susie Harris (nee Matthews) as will be shown by deed dated November 22, 1919, duly recorded in Notarial Book 35, page 105 of the Records of Richland Parish, which said deed by reference is made a part hereof for certainty of allegation and all other lawful purposes.
"XIV. Petitioner avers that the said Vandy Harris left as his sole and only heir at law the following children born issue of his marriage with Susie Harris, the said Susie Harris having departed this life intestate about the year 1918: George Harris, a resident of Ouachita Parish, Louisiana; Jane Matthews, a resident of Richland Parish, Louisiana; and the said Vandy Harris also left him surviving a widow, named Beatrice Harris, a resident of Jennings, Jefferson Davis Parish, Louisiana.
"XV. Petitioner avers that the above described property is owned in indivision as follows: "Estate of Vandy Harris, 20/48 "Lizzie Haley, 14/48 "Henry Harris, 7/48 "Janie Harris Hyland, 7/48
"XVI. Petitioner avers that the estate of Vandy Harris and especially the above named and described property, is owned by George Harris to the extent of 10/48, and *Page 81 
Jane Matthews 10/48, subject, however, to whatever claim the second wife of the said Vandy Harris, deceased, named Beatrice Harris, may have.
"XVII. Petitioner avers that she is no longer willing to remain in ownership of the above described property in indivision, and desires a partition thereof; that said property is indivisible in kind, and must therefore be sold to effect a partition.
"XVIII. Petitioner avers that since no mortuary proceedings of any kind or character have been had with respect to any of the owners of the property now deceased, that the Sheriff and Ex-Officio Inheritance Tax Collector should be made a party to these proceedings, and the amount of inheritance tax due, if any, fixed herein.
"XIX. Petitioner avers further that an attorney practicing at this Bar should be appointed to represent the absent and unknown heirs of Rena Haley and Asa Haley, deceased, as well as to represent the estate of Vandy Harris, Deceased.
"Wherefore, petitioner prays that a certified copy of this petition be served upon the defendants, Henry Harris, Janie Harris Hyland, Jane Matthews, residents of Richland Parish, Louisiana, and George Harris, a resident of Ouachita Parish, and upon Beatrice Harris, a resident of Jennings, Jefferson Davis Parish, Louisiana, as well as upon the Sheriff and Ex-Officio Inheritance Tax Collector for Richland Parish, and upon the attorney to represent the absent and unknown heirs of Rena Haley and Asa Haley, and appointed to represent the Estate of Vandy Harris, and that they and each of them be cited in the manner and form provided by law to appear and answer hereto.
"Further prays that after due delays, proceedings and formalities, your petitioner be recognized as an owner in indivision of an undivided 14/48 interest in the above described property, and decreeing a partition by licitation of said property; said sale to be made by the Sheriff in and for Richland Parish, Louisiana, to the last and highest bidder, for cash, in order to effect said partition, and that all of the parties be referred to J.C. Boies, Clerk of Court and Ex-Officio a Notary Public for Richland Parish, Louisiana, for the purpose of completing said partition.
"Further prays that the amount of inheritance tax due the State of Louisiana, if any, be fixed; for all equitable and general relief and that the costs of this proceeding be borne by the property sought to be partitioned."
Plaintiff filed an amended and supplemental petition in which she alleged that several persons whom she had alleged as heirs in the original petition were illegitimate and should be excluded from any interest in the estate left by her father and mother and that her interest in the succession property was an undivided one-half interest of an undivided 14/48, as originally alleged, and that the remaining interest in the property was owned 1/4 by Henry Harris and 1/4 by Janie Harris Hyland.
W.D. Cotton, attorney, was appointed to represent the absent and unknown heirs of Asa Haley and Rena Haley and to represent the estate of Vandy Harris. He accepted service of the petition and waived citation for all of whom he represented. The Sheriff also accepted service and waived citation. A preliminary default was then entered against all defendants.
Beatrice N. Harris appeared and filed answer. W.D. Cotton filed answer for the absent and unknown heirs of Asa Haley and Rena Haley and for the estate of Vandy Harris. George Harris and Jane Matthews made no appearance.
The above stated answers were filed on June 27, 1941. The case was set for trial and tried on that same day and judgment rendered for plaintiff as follows:
"This case having been regularly set down for trial on answer of attorney to represent the absent and unknown heirs and on answer of attorney filed on behalf of Beatrice Harris and the Estate of Vandy Harris and the other parties thereto having failed to file an appearance herein, a preliminary default having been granted on June 24, 1941, the case taken up and tried in full, and it appearing to the Court that none of the parties engaged in this litigation are in the service of the Armed Forces of the United States of America within the contemplation of the Soldier's and Sailors' Relief Act, and the law and the evidence being in favor of plaintiff and against defendants, and for the reasons this day orally assigned, it is, —
"Ordered, Adjudged and Decreed that plaintiff, Lizzie Haley, do have and recover judgment against defendants, Henry Harris, Janie Harris Hyland, Jane Matthews, George Harris, Beatrice Harris and against the absent and unknown heirs of *Page 82 
Asa Haley and Rena Haley, and the Estate of Vandy Harris, decreeing the, —
"E 1/2 of E 1/2 of SW 1/4 of Section 5, Township 17 North, Range 7 East,
"to be owned by your petitioner, Lizzie Haley, Henry Harris and Janie Harris Hyland in the proportions of an undivided one-half interest to Petitioner, Lizzie Haley, an undivided one-fourth interest to Henry Harris and an undivided one-fourth interest to Janie Harris Hyland, and that as such owners they be sent into possession thereof, without the payment of any inheritance tax.
"It Is Further Ordered, Adjudged and Decreed that the above property is not capable of partition in kind and that a partition by licitation of said property is ordered made by the Sheriff in and for Richland Parish, Louisiana, to the last and highest bidder, for cash, in order to effect said partition, and
"It Is Further Ordered, Adjudged and Decreed that the owners in indivision be referred to J.C. Boies, Clerk of Court and Ex-Officio a Notary Public in and for Richland Parish, Louisiana, for the purpose of completing said partition, and that the Sheriff in and for Richland Parish, deliver to the said J.C. Boies, Clerk of Court and Ex-Officio a Notary Public, the proceeds of said sale for distribution in accordance with this judgment.
"It Is Further Ordered, Adjudged and Decreed that Beatrice Harris be recognized as entitled to the ownership of one five-room frame dwelling located in the southwest corner of the above described property on the Dixie-Overland Highway 80, and that said house shall be removed from the premises within sixty days from the date of the partition sale, the advertisement for such sale to set forth this condition as a part of the terms thereof.
"It Is Further Ordered, Adjudged and Decreed that the costs of this proceeding be borne by the proceeds of said sale."
On October 21, 1941, George Harris petitioned for and was granted an order for a devolutive appeal which was properly returned to this court. Counsel for appellant in argument and in his brief states that appeals were perfected by both George Harris and Jane Matthews. Counsel for appellee neither argued nor submitted briefs although he was present in court. We have searched the record in vain to find where Jane Matthews either prayed for or was granted an appeal and it is not there. The only appellant, therefore, before us is George Harris who contends that the judgment should be set aside for the following reasons which are set forth in his brief:
"1. This is a partition of succession property and under Article 1022 of the Code of Practice, partitions of succession property are made by the Probate Court, and by Article 1042 of the Code of Practice all testimony of witnesses must be taken down and reduced to writing.
"2. This is a partition action for the partition of property. In the petition the source of the title is alleged and it is necessary, in order to obtain a judgment of partition, the title of the property must be shown and proven and this by documentary evidence because title to real estate cannot be proven by parol testimony."
This case comes under the provisions of Articles 1022 and 1042 of the Code of Practice and the record is barren of any testimony, documentary or parol evidence, reduced to writing. The record consists of the minutes of the Court, the pleadings, judgment and the certificate of the Clerk of Court which recites that the record constitutes a true and correct transcript of all pleadings, instruments and documents filed, together with all testimony taken in and upon the trial of the case. Appellee has not contended that the record is incomplete in any respect. There is therefore no testimony or evidence in the record upon which a judgment against the appellant could have been rendered and will therefore, insofar as it affects George Harris, have to be reversed.
Although the question was not raised by appellee, we call attention to the fact that the record fails to disclose that appellant was ever served or cited. There is no citation or return in the record.
The judgment, insofar as it affects George Harris, is erroneous and is now reversed; costs of appeal to be paid by appellee.
TALIAFERRO and HAMITER, JJ., concur. *Page 83